REEVES v. WILLIAMS.

Opinion delivered July 12, 1926.

BILLS AND NOTES—INDORSEMENT IN BLANK—EVIDENCE.—The indorser in blank of a negotiable instrument may show by parol evidence that the indorsement was merely to pass the title, and not guaranty of payment, especially where the indorsement was ambiguous on its face..

Appeal from Hot Spring Circuit Court; *Jabez M. Smith*, Special Judge; affirmed.

*H. B. Means,* for appellant..

*John L. McClellan,* for appellee.

McCULLOCH, C. J. Appellant instituted this action against appellee before a justice of the peace in Hot Spring County on four promissory notes, each for the sum of fifty dollars, it being alleged that appellee is liable as an indorser and guarantor. Each of the notes was executed by J. C. Owens to appellee, and by the latter indorsed in the following words: "Transferred on February 22 to second party to said T. W. Reeves. Transfer attached to instrument. (Signed) By F. M. Williams." It is alleged in the complaint that demand had been made upon Owens for payment and that payment had been refused. Appellee answered, alleging that the notes in suit were secured by a chattel mortgage, executed by Owens to him; that he had sold the notes and mortgage to appellant, and that the assignment was made upon express agreement with appellant that it was solely for the purpose of passing title and without liability on the part of appellee as indorser.

On the trial of the cause on appeal to the circuit court, appellant testified concerning the purchase of the notes from appellee and the assignment of them, and denied that there was any agreement restricting the liability of appellee under his indorsement. Appellant also testified that he knew nothing about a chattel mortgage having been executed to secure the notes, and that it had never been delivered to him.

Appellee testified that he made the indorsements on the notes and also assigned the mortgage to appellee by

indorsement thereon, and that this was done with the express understanding with appellant that he (appellee) had nothing more to do with the notes or mortgage, and that the indorsements were made merely to pass the title.    The court submitted that issue to the jury, and the verdict was in favor of appellee.    Appellant asked for a peremptory instruction, which the court refused, and the sole question presented on this appeal is whether the court erred in admitting appellee's testimony about the oral agreement between him and appellant, and in giving the instruction submitting the issue to the jury.

The facts of the case seem to bring it within the decisions of this court in *First National Bank* v. *Reiman,* 93 Ark. 376, 125 S. W. 443, and *Ellis* v. *First National Bank of Fordyce,* 163 Ark. 471, 260 S. W. 714, holding that it is competent for an indorser in blank of commercial paper to show that it was done merely to pass the title to the indorsee and not as a guaranty of payment.    In addition to that, the indorsement in this instance was an ambiguous one, so as to let in proof of the actual intention of the parties.    The indorsement is ambiguous on its face, and refers to the indorsement of another instrument which does not appear in the record.    This is explained in his testimony to the effect that there was a chattel mortgage which he indorsed so as to pass the security to appellant.

We find no error in the record, and the judgment is therefore affirmed.